**RECEIVED**

OCT 0 4 2023

**BY MAIL**

## UNITED STATES DISTRICT COURT
## EASTERN ~~DISTRICT OF MISSOURI~~
## _SOUTHEASTERN_ DIVISION

*MORENO SALINAS #1250612* )
)
)
*(Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.)* )
)
**v.** )
)
*STEPHAN CLARK,* )
)
*SEE, ADDENDUM TO COMPLAINT* )
*PART I, PARTIES TO COMPLAINT* )
)
*(Write the full name of each defendant. The caption* )
*must include the names of all of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.)* )

Case No: _____
*(to be assigned by Clerk of District Court)*

Plaintiff Requests Trial by Jury
ⓧ Yes      ☐ No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

## I.     The Parties to this Complaint

### A.     The Plaintiff

Name: *MORENO SALINAS*

Other names you have used: _____

Prisoner Registration Number: *#1250612*

Current Institution: *Potosi Correctional Center*

Indicate your prisoner status:

☐ Pretrial detainee                    ☒ Convicted and sentenced state prisoner

☐ Civilly committed detainee      ☐ Convicted and sentenced federal prisoner

☐ Immigration detainee             ☐ Other (explain): _____

### B.     The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

### Defendant 1

Name: *STEPHAN CLARK*

Job or Title: *Lieutenant Correctional Officer*

Badge/Shield Number: *E0055517*

Employer: *Missouri Department of Corrections*

Address: *300 E. Pedro Simmons Drive, Charleston MO 63834*

☒ Individual Capacity                    ☐ Official Capacity

2

**Defendant 2**

Name: _DARREL WILSON_ (_CO II._)

Job or Title: _Sergeant Correctional Officer._

Badge/Shield Number: _N/A_

Employer: _Missouri Department of Corrections_

Address: _300 E. Pedro Simmons DR. Charleston, MO 63834_

[X] Individual Capacity          [ ] Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

See, ADDENDUM TO COMPLAINT, PART II, Statement of CLAIM, PART III, Injuries, and PART IV, Relief Requested,

3

## III.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*SEE, ADDENDUM TO COMPLAINT, PART III, Injuries*

## IV.  Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments.
Do not cite any cases or statutes. If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming. Explain why you believe you are
entitled to recover those damages.

*See, ADDENDUM TO COMPLAINT,*

*PART IV, Relief Requested*

## V.  Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed
if you have not exhausted your administrative remedies.

    A.    Did your claim(s) arise while you were confined in a jail, prison, or other
correctional facility?

       ☒ Yes       ☐ No

    If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

*Charleston Southeast Correctional Center (C.S.E.C.C.)*

    B.    Does the jail, prison or other correctional facility where your claim(s) arose have
a grievance procedure?

       ☒ Yes    ☐ No    ☐ Do not know

    C.    If yes, does the grievance procedure at the jail, prison or other correctional facility
where your claim(s) arose cover some or all of your claims?

       ☒ Yes    ☐ No    ☐ Do not know

If yes, which claim(s)?    *Excessive Force,*

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes          ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes          ☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

*Charleston Southeast Correctional Center (S.E.C.C.)*

2.    What did you claim in your grievance? (*Attach a copy of your grievance, if available*)

*See, Grievance File attached hereto, at Part I. Exhaustion of Administrative Remedies (Addendum To Complaint).*

3.    What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)

*See, Grievance File attached hereto, at Part I. Exhaustion of Administrative Remedies (Addendum To Complaint).*

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

Every step was appealed. IRR, Grievance, and Grievance Appeal. See, Grievance File attached hereto, under PART II., (ADDENDUM TO COMPLAINT).

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

See, ADDENDUM TO COMPLAINT, PART II. Exhaustion attached hereto.

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

See, ADDENDUM TO COMPLAINT,... PART II., and also See, MODOC POLICY D5-3.2 PART III, Section k.12.b, attached hereto.

7

## VI.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.   To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☐ Yes        ☒ No

If yes, state which court dismissed your case and when it was dismissed.  Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes        ☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.   Parties to the previous lawsuit

Plaintiff _(Same) MORENO SALINAS_

Defendant(s) _(Same) Stephen Clark, et al._

2.   Court (*if federal court, name the district; if state court, name the state and county*)

_United States District Court Eastern District of Missouri SOUTHEASTERN DIVISION_

3.   Docket or case number _1:22-CV-159-AGF_

4.   Name of Judge assigned to your case _Audrey G. Fleissig, Dist. Judge_

5.    Approximate date of filing lawsuit *November 21, 2022*

6.    Is the case still pending?

☒ Yes

☐ No  (*If no, give the approximate date of disposition*):_____

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

*Pending trial*

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes        ☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.    Parties to the previous lawsuit

Plaintiff_____

Defendant(s) _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

3.    Docket or case number _____

4.    Name of Judge assigned to your case _____

5.    Approximate date of filing lawsuit _____

6.     Is the case still pending?

       ☐ Yes

       ☐ No (*If no, give the approximate date of disposition*): _____

7.     What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)


## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


I declare under penalty of perjury that the foregoing is true and correct.


Signed this *2nd* day of *October* , 20 *23* .

Signature of Plaintiff _____

ADDENDUM TO COMPLAINT

I. PARTIES TO COMPLAINT

II. STATEMENT OF CLAIM

III. INJURIES

IV. RELIEF REQUESTED

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

* ATTACHMENTS:

* GRIEVANCE FILE: IRR, GRIEVANCE, and GRIEVANCE Appeal. Official Responses to IRR, GRIEVANCE, and GRIEVANCE APPEAL.

* MODOC POLICY FOR OFFENDER GRIEVANCE (in part): D5-3.2 PART III. Section K.12.b. (Effective Date: Jan 1, 2015).

I.      PARTIES to Complaint

Defendant No: 3
NAME: JERRY Walls
Job or Title: COI.
Badge / Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, MO
Individual Capacity: Yes          Official Capacity: No

Defendant No: 4
NAME: Tyler Womach
Job or Title: COI.
Badge / Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, mo
Individual Capacity: Yes          Official Capacity: No

Defendant No: 5
Name: Johnny Clubbs
Job or Title: COI.
Badge / Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, mo
Individual Capacity: Yes          Official Capacity: No

I.        PARTIES to Complaint

Defendant No: 6
NAME: Cole Hansens
Job or Title: COI.
Badge /Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, MO
Individual Capacity: Yes        Official Capacity: No


Defendant No: 7
NAME: Vanissa Lemons
Job or Title: COI.
Badge /Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, MO
Individual Capacity: Yes        Official Capacity: No


Defendant No: 8
Name: Darcie Bolin
Job or Title: Case Manager
Badge /Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, MO
Individual Capacity: Yes        Official Capacity: No

I.       Parties to Complaint

Defendant No: 9
NAME:  BRANDI  MERIDETH
Job or Title:  Function  Unit  Mananger   (FUM)
Badge /Shield No:
Employer: Missouri  Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, mo 63834
Individual Capacity: Yes        Official Capacity: No

Defendant No: 10
NAME:  John  Doe
Job or Title:
Badge /Shield No:
Employer: Missouri Department of Corrections
Address:  300 E. Pedro Simmons Dr. Charleston, mo 63834
Individual Capacity: Yes        Official Capacity: No

Defendant No: 11
Name: John Doe
Job or Title:
Badge /Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, mo 63834
Individual Capacity: Yes        Official Capacity: No

I.      PARTIES to Complaint

Defendant No: 12
NAME: John Doe
Job or Title:
Badge/Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, MO
Individual Capacity: Yes      Official Capacity: No


Defendant No: 13
NAME: John Doe
Job or Title:
Badge/Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, MO
Individual Capacity: Yes      Official Capacity: No


Defendant No: 14
Name: John Doe
Job or Title:
Badge/Shield No:
Employer: Missouri Department of Corrections
Address: 300 E. Pedro Simmons Dr. Charleston, MO
Individual Capacity: Yes      Official Capacity: No

## II.  Statement of Claim

On January 28, 2021 plaintiff was physically assaulted by twelve certified emergency response team ("CERT") members while a case worker/manager, and function unit manager stood by watching, failing to intervene. Defendant Walls approached plaintiff in a violent and aggressive manner stating, "Submit to restraints or we will beat your mixed breed ass and take you to one house to finish you off."

Seeing the hostile stance the defendants took, plaintiff attempted to comply with the instructions given but was immediately beaten and assaulted by twelve CERT members.

Plaintiff was slammed to the floor and handcuffed by defendants. Once the plaintiff was fully restrained, defendants Clark and Walls began to strike plaintiff with closed fists and knee him repeatedly in the face and ribs.

Plaintiff was then lifted and dragged through the wing toward the rotunda in a semi-conscious state by many defendants.

## II.    Statement of Claim

One of the John Doe defendants twisted the plaintiff's left ankle until it snapped and broke.

Plaintiff was then dropped on the ground and the defendants Wilson and Clubbs struck him in the face and hit him with their knees and elbows.

While being dragged through the rotunda of 3-House, defendant Womach and another unknown John Doe defendant intentionally hit plaintiff's head on the door frame.

While plaintiff was in the rotunda of 3-House, defendants Bolin and Meredith stood in the bubble window and failed to intervene.

The other defendants lifted plaintiff off the rotunda floor and dragged him outside to one house. Once he was outside defendants purposefully dragged him on the ground. While on the ground Womach lifted plaintiff's head off the ground by his hair and scraped the left side of his face onto the concrete until the tissue on his face began coming off, and then turned his head over and began scraping the right side of his face onto the concrete until it bled.

II.    Statement of Claim

After defendant Womach scraped plaintiff's face on the concrete, defendants Hanson and Lemons laid across the plaintiff's back striking him in the ribs with their knees and punching him in the face.

Next, they dragged plaintiff across the small yard over concrete. Plaintiff was unable to walk because of his injuries. Defendant's then dropped plaintiff in the small yard and defendants Stephen Clark and four John Doe defendants started kneeing him in the face and ribs. Then plaintiff was lifted off the concrete floor and dragged semi-conscious to housing unit one.

When plaintiff entered housing unit one, defendants Womach and Hanson slammed plaintiffs head face first into the wall, splitting his forehead open and causing him to lose consciousness. Plaintiff was then dragged up the stairs of housing unit one and taken to a corner cell and thrown on the bed. Plaintiff was then "physically and mentally assaulted" by the CERT officers until the medical staff came to assess him.

II.        Statement of Claim

Once medical staff arrived, plaintiff was
rushed to the hospital by ambulance. The
EMT's directed the driver to go to a closer
hospital than the one originally dispatched
because they did not think the plaintiff
would survive the beating. Plaintiff spent
a week in the hospital before being
realeased. Plaintiff was transferred to
Potosi Correctional Center on or about 3-17-21.

III.       Injuries

Plaintiff suffered a torn clavicle, three
broken ribs, a broken left fibula, and a
broken ankle. He also suffered permanent
nerve damage in both wrists. He suffered
open wounds on his face and received twenty-
seven staples in his forehead, and left eyebrow.
He also suffered multiple cuts and scrapes on
his face and body with heavy bruising and
abrasions. As a result of the broken fibula and
ankle he had a surgery and now has a steel
rod in his leg permanently. He also suffers
mentally and emotionally from nightmares,

## IV.  Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:
1. The physical abuse of the plaintiff by the defendants Stephen Clark, Walls, Wilson, Womach, Clubbs, Hansen, Lemons, and five John Doe defendants violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.
2. Defendants Bolin and Mereidiths' failure to intervene were deliberately indifferent to the plaintiff's rights under the Eighth Amendment to the United States Constitution.
B. Award compensatory damages in the following amounts:
1. 25,000.00 jointly and severally against defendants Stephen Clark, Walls, Wilson, Womach, Clubbs, Hansen, Lemons, and five John Doe defendants for the physical and emotional injuries sustained as a result of the plaintiff's beating.
2. 25,000.00 jointly and severally against defendants Bolin and Mereidith for their deliberate indifference to plaintiff's rights to be free from cruel and unusual punishment by their co-workers malicious and sadistic conduct.

## IV.                    Relief Requested

C. Award punitive damages in the following amounts:
   1. $25,000.⁰⁰ each against defendants Stephen Clark, Clubbs, Walls, Wilson, Womach, Hansen, Lemons, and Five John Doe defendants, as well as defendant's Bolin and Meredith.

D. Award Medical Bills as follows:
   1. Any past, present, or future medical bills that the Missouri Department of Corrections and/or any third party medical services provider'(s) attempt to bill the plaintiff be waived upon any settlement or finding of guilt against the defendant'(s) by a jury or trier of fact.

E. Award Attorney Fees as follows:
   1. Any attorney fee's that may result from this cause of action.

F. Award Costs as follows:
   1. For clerks and marshals fees.

G. Grant such other relief as it may appear the plaintiff is entitled.

## V.   Exhaustion of Administrative Remedies

1. Pertaining to "Exhaustion of Administrative Remedies" in Complaint at Part V. Section G.

A. Pursuant to MODOC Policy D5-3.2 PART III., Section K.12.b, plaintiff filed his grievance within the 15 day time frame allowed for transfers that occur during the processing of the IRR.

B. Plaintiff was transferred on or about 3-17-21 from S.E.C.C. infirmary to P.C.C. infirmary.

C. Plaintiff filed his grievance within the 15 day time frame allowed for transfers during the processing of the IRR. On 4-1-21 plaintiff filed his grievance.

2. MODOC Policy D5-3.2 PART III, Section K.12.b, states in part: "If an offender is transferred during the processing of an IRR, the IRR form will be forwarded to the grievance officer ... at the receiving institution." Sub sec. b. states in part: "If the offender wishes to continue ... he is responsible for filing ... grievance form within 15 calendar days of receipt of ... form with the receiving institutions grievance officer ..."