# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MORENO SALINAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 1:22-cv-00159-AGF |
| STEPHAN V. CLARK, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Tyler Womack, Jerry Walls, Johnny Clubbs, Stephan Clark, Darcie Bolin, Cole Hansens, Vanissa Lemons, Darrel Wilson, and Brandi Merideth's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 37. The matter is fully briefed and ready for disposition. For the following reasons, the Court will deny defendants' motion to dismiss.

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

**Background**

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging defendants used excessive force against him on January 28, 2021 while he was incarcerated at the Southeast Correctional Center (SECC). On March 3, 2023, the Court conducted an initial review of plaintiff's complaint. *See* ECF No. 5. The Court found that plaintiff had stated a plausible claim that defendants Clark, Hansens, Clubbs, Lemons, Wilson, Womach, and Walls used excessive force in violation of the Eighth Amendment. Also, the Court found that plaintiff had stated a plausible claim that defendants Rangale and Meredith failed to intervene in the use of excessive force. *See id*.

Plaintiff filed an amended complaint on October 4, 2023.[1] The amended complaint appears substantially the same as the original. Defendants moved to dismiss the amended complaint. Plaintiff filed a timely response, and defendants filed a reply.

---

[1] Plaintiff had filed with the original complaint copies of his Informal Resolution Request (IRR), the IRR Response, his Grievance, his Grievance Response, his Grievance Appeal, the Response to his Grievance Appeal, and two pages of MDOC's Offender Grievance Policy. He refers to these documents and incorporates them into his amended complaint, but he inadvertently forgot to attach

**Defendants' Motion to Dismiss**

Defendants have filed a motion to dismiss based on the affirmative defense of exhaustion. They state that plaintiff had fifteen days after the incident to file his IRR, and he filed it six days late. They state plaintiff had seven days after the IRR Response to file his Grievance, and he filed it seven days late. They state plaintiff had seven days from the date of the Grievance Response to file his Grievance Appeal, and he filed it three weeks late. Defendants state that plaintiff missed mandatory deadlines in the administrative process, and therefore his amended complaint should be dismissed.

In his response, plaintiff states that an inmate need not exhaust administrative remedies prior to bringing suit under the PLRA if these remedies are not available. For each allegedly missed deadline, plaintiff states the circumstances that caused the late filing and why the administrative process was unavailable.

**Discussion**

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action under 42 U.S.C. § 1983 without first exhausting available administrative remedies. *See* 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is mandatory and is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance

---

the documents to the amended complaint. *See* ECF No. 34 at 11. The Court had the Clerk attach the incorporated documents to the amended complaint on October 18, 2023. *See* Docket Note at ECF No. 34. These documents are part of the record on this motion to dismiss. *See* Fed. R. Civ. P. 10(c).

with applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006).

The PLRA requires prisoners to exhaust their "available" administrative remedies. "Available" means "capable of use for the accomplishment of a purpose, and that which is accessible or may be obtained." *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotations omitted). The Supreme Court has found that exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. Additionally, the Eighth Circuit has stated that "administrative remedies are 'unavailable' to an inmate under the PLRA when (1) the inmate was unable to file a timely grievance due to physical or mental incapacity; and (2) the administrative system's rules do not accommodate the condition by allowing a late filing." *Smith v. Andrews*, 75 F.4th 805, 809 (8th Cir. 2023).

The question before the Court is whether (and when) the administrative remedies were available to plaintiff. Defendants state that plaintiff was late to file his IRR, his Grievance, and his Grievance Appeal. If plaintiff can show, however, these administrative remedies were unavailable to him because of conduct of the prison staff, his duty to exhaust these remedies does not come into play. *Ross* 578 U.S. at 643.

(1)  The IRR

In their motion to dismiss, defendants state that plaintiff had fifteen days after his attack to file his IRR.[2] They state he did not file his IRR until the twenty-first day, which was nearly a week

---

[2] Plaintiff attached to his amended complaint a copy of a portion of MDOC's Offender Grievance Policy, D5-3.2 Offender Grievance (effective date Jan. 1, 2015). ECF No. 34-5 at 13-14. It is not

late. Plaintiff responds that he spent the week after the attack at an outside hospital before being transferred to SECC's infirmary. *See* ECF No. 34 at 19. Once he returned to SECC, he had eight days left to file his IRR. Plaintiff states that he was prevented from timely filing his IRR because staff at SECC's infirmary would not respond to his repeated requests for an IRR form.

Defendants reply that plaintiff has not identified the staff members at SECC responsible for not giving him the forms. ECF No. 44 at 1. Defendants cite to no caselaw, and the Court has found none, to suggest that a plaintiff must identify by name the staff responsible for thwarting his attempts to file an IRR. Viewing the facts in the light most favorable to plaintiff, the Court finds that plaintiff was unable to take advantage of the IRR process before the fifteen-day deadline expired because of the actions of SECC's staff. Therefore, the administrative remedy was unavailable during this time, and plaintiff was not required by the PLRA to exhaust it. *See Ross*, 578 U.S. at 644.

(2)   The Formal Grievance

As to plaintiff's allegedly late filing of his formal Grievance, he states that he was transferred from SECC's infirmary to PCC's infirmary on March 17, 2021. This is the same date that SECC issued its IRR Response. Plaintiff states that he did not timely receive the IRR Response at PCC, and therefore he missed the seven-day deadline for filing his formal Grievance. Defendants have not responded to this point.

---

clear whether this was the policy in effect at the time of plaintiff's allegations. Moreover, because plaintiff alleges that actions of prison staff made these administrative remedies unavailable to him, the attached policy is not entirely relevant.

Again, viewing the allegations in the light most favorable to plaintiff, staff at either SECC or PCC did not timely forward the IRR Response to plaintiff. Therefore he was unable to file his formal Grievance within the required seven-day time period. For purposes of this motion to dismiss, the Court finds defendants have not met their burden of proving their affirmative defense of exhaustion as it relates to plaintiff's late filing of his formal Grievance.

       (3)      The Grievance Appeal

Next, defendants argue that plaintiff's filing of his Grievance Appeal was more than three weeks late. Plaintiff states that he did not receive the Grievance Response, and therefore could not file his appeal, until June 24, 2021. He filed his Grievance Appeal the next day, on June 25, 2021.

Notably, plaintiff has attached a copy of the Grievance Response to his amended complaint. *See* ECF No. 34-5 at 18. Plaintiff states that he signed the Grievance Response when he received it on June 24, 2021. *Id.* Based on the Court's review, it appears plaintiff's signed at the bottom of the Grievance Response under the notation "I appeal this decision," and dated it June 24, 2021. *Id.* Viewed in the light most favorable to plaintiff, he did not receive a copy of SECC's Grievance Response until June 24, 2021. The Grievance Appeal procedure was not available to him until then. Again, for purposes of this motion to dismiss, the Court finds defendants have not met their burden of proving their affirmative defense of failure to exhaust administrative procedures.

At each stage in the administrative remedy process, plaintiff alleges some action on the part of the SECC or PCC's staff blocked his attempts to timely file the required documents. As a result, the Court will deny defendants' motion to dismiss plaintiff's amended complaint for failure to exhaust administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **DENIED**. [ECF No. 37]

**IT IS FURTHER ORDERED** that defendants shall file their answers to plaintiff's amended complaint in accordance with the Federal Rules of Civil Procedure.

Dated this 12th day of February, 2024.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE