UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MORENO SALINAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:22-cv-00159-AGF |
| | ) |
| STEPHAN V. CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion (ECF No. 182) to lift the stay previously imposed as to his claims against Defendant Steven Smith, and for entry of default judgment against Smith. For the reasons set forth below, the Court will grant Plaintiff's motion.

# BACKGROUND

Plaintiff's amended complaint named Smith and fifteen other prison officers employed at the Missouri Department of Corrections' Southeast Correctional Center in a lawsuit under 42 U.S.C. § 1983, alleging that the officers used excessive force against him and/or failed to protect him against other officers' use of excessive force. The case proceeded to a jury trial beginning on October 14, 2025. At the outset of trial, the parties stipulated to the dismissal of two Defendants, Darcie Bolin and Brandi Meredith. *See* ECF No. 156.

As discussed at length in prior Orders (ECF Nos. 158, 159 & 181), during the trial, the Court permitted defense counsel to withdraw from representing Smith and directed the Clerk of Court entered Smith's default under Federal Rule of Civil Procedure 55(a), after

Smith refused to appear at trial and repeatedly failed to respond to counsel's inquiries, the Court's Orders, and the Court's rules over the course of the proceeding. *See, e.g.*, *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (noting that entry of default may be appropriate even after the filing of an answer if the party's later conduct includes "willful violations of court rules, contumacious conduct, or intentional delays") (citation omitted).

However, the Court deferred consideration of default judgment against Smith in light of the similarly situated co-Defendants, who had at that time appeared and defended themselves at trial. *See Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."). The Court stayed Plaintiff's claims against Smith pending completion of the trial against the other Defendants and directed Plaintiff to file, within 14 days after resolution of the trial, a motion to lift the stay as to Smith and a proposal for resolving the claims against Smith, if appropriate.

The trial concluded on October 17, 2025, and the jury found in favor of Plaintiff on one or both of his claims as to ten of the thirteen Defendants that participated at trial. Specifically, the jury found in favor of Plaintiff and against Defendants Stephan Clark, Johnny Clubs, Cole Hansens, Darrel Wilson, Tyler Womack, James Harmon, Bruce

2

Hanebrink, David Houtz, Matthew Short, and Aaron Raines, jointly and severally,[1] in the amount of $380,000 in actual damages.  The jury also awarded punitive damages in various amounts against each of these Defendants individually.  However, the jury found in favor of Defendants Vanissia Lemons, Jerry Walls, and George Durrow on Plaintiff's claims.  The Court entered judgment on the jury verdict on October 20, 2025.  *See* ECF No. 175.

Plaintiff now moves to lift the stay on his claims against Smith and for default judgment against Smith under Rule 55(b).  Specifically, Plaintiff seeks a default judgment against Smith in the total amount of actual damages found by the jury at trial: $380,000.

## DISCUSSION

The familiar standard for default judgment is that "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).  However, another principle applies when, as here, default judgment is being considered after a trial has concluded against similarly situated, non-defaulting defendants.  That principle derives from the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. 552 (1872), which held:

---

[1] The Court held at trial that joint and several liability would apply in this case because the damages were not capable of apportionment.  *See Jackson v. City of St. Louis*, 220 F.3d 894, 897-98 (8th Cir. 2000) (holding that in § 1983 cases, "[w]hen a plaintiff has suffered a single or indivisible injury, the general rule is that each tortfeasor is jointly and severally liable for the entire amount of damages," that damages can only be apportioned "where there is a reasonable basis for determining the contribution of each cause to a single harm," and that "whether damages are capable of apportionment among separate defendants is normally an issue for the court to determine.") (quoting Restatement (Second) of Torts § 4343(1)(b)).

3

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.* at 554; *see also U.S. ex rel. Costner v. United States*, 56 F. App'x 287, 288 (8th Cir. 2003) (applying *Frow* beyond cases involving joint and several liability to any "situations in which several defendants have closely related defenses") (citation omitted).  Thus, "to comply with the *Frow* principle prohibiting inconsistent judgments, we must disregard the allegations in [the plaintiff's] complaint that conflict with the jury verdict" and decide whether those remaining allegations are sufficient to state a claim against the defaulting defendant.  *Henry v. Oluwole*, 108 F.4th 45, 55-56 (2d Cir. 2024); *see also Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (describing the need for consistency between judgments for similarly situated co-defendants who litigate on the merits and those who suffer default judgment).

Here, Plaintiff's allegations that Smith, together with the other Defendants, used excessive force and failed to protect Plaintiff from other officers' use of excessive force, all while acting with deliberate indifference, are well supported by the jury's verdict against all but three of Smith's co-Defendants who participated at trial.  *See Pfanenstiel Architects*, 978 F.2d at 433 (holding that district courts should award consistent damage awards against defaulting and non-defaulting defendants who are jointly and severally liable).  The three

4

Defendants found not liable provided clear testimony regarding their lack of involvement in the events at issue, something which Smith cannot offer. *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015) ("A defaulted claim . . . precludes a party from contesting the facts in the complaint that establish liability.").

For the reasons noted above regarding the inability to apportion damages, the Court also concludes that Smith must be held jointly and severally liable for the entire amount of the actual damages found by the jury.[2] *See id.* at 883 (holding that where the amount of damages is "readily discernable on the basis of undisputed evidence in the record, it [is] not an abuse of discretion to award actual damages without an evidentiary hearing").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to lift stay and for entry of default judgment against Defendant Steven Smith in the amount of $380,000 is **GRANTED**. ECF No. 182.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order on Defendant Steven Smith at the address reflected in the file.

All claims against all parties now having been resolved, a final Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2025.

---

[2] Plaintiff's motion for default judgment does not seek punitive damages against Smith.

5