UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MORENO SALINAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-00159-AGF |
| | ) | |
| STEPHAN V. CLARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff's appointed counsel, Kevin Hormuth and the law firm of UB Greensfelder LLP (collectively, "Appointed Counsel"), for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54, 42 U.S.C. § 1988, and Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. For the reasons set forth below, the Court will grant Appointed Counsel's motion.

## BACKGROUND

Plaintiff Moreno Salinas brought this prisoner civil rights action on November 17, 2022, while he was incarcerated at the Southeast Correctional Center ("SECC"). He initially proceeded pro se and alleged violations of his constitutional rights by a mix of named and unnamed SECC officers whom Plaintiff alleged used excessive force against him and/or failed to protect him from others' use of excessive force. Following initial review of his complaint, the Court permitted Plaintiff to proceed with his claims against the officers in their individual capacities. ECF No. 5.

On March 28, 2024, the Court granted Plaintiff's motion for appointment of counsel, and on April 5, 2024, the Court appointed counsel pursuant to the Court's Plan for the Appointment of Pro Bono Counsel.  ECF Nos. 55 & 56.

Appointed Counsel then conducted discovery into Plaintiff's claims and the identity of the unnamed officers, and on September 17, 2024, Appointed Counsel filed an amended complaint on Plaintiff's behalf.  The amended complaint asserted two counts: (I) Eighth Amendment claims against fourteen officers (Defendants Stephan Clark, Johnny Clubbs, Cole Hansens, Vanissia Lemons, Jerry Walls, Darrel Wilson, Tyler Womack, James Harmon, Bruce Hanebrink, Steven Smith, David Houtz, George Durrow, Matthew Short, and Aaron Raines) for their use of excessive force against Plaintiff and/or their failure to protect Plaintiff from excessive use of force by other officers, and (II) Eighth Amendment claims against two additional officers (Darcie Bolin and Brandi Meredith) solely for failure to protect.

Appointed Counsel continued to represent Plaintiff throughout the litigation, including preparing for and representing Plaintiff in a Court-ordered mediation conducted on November 7, 2024, and in more than 20 depositions of the parties, treating doctors, and witnesses by both sides.  Appointed counsel also conducted and reviewed discovery that consisted of more than a dozen security videos and over 4,000 pages of documents, including Plaintiff's medical records.

The case ultimately proceeded to a jury trial beginning on October 14, 2025.  At the outset of trial, the parties stipulated to the dismissal of Defendants Bolin and Meredith, who were only charged in Count II.  *See* ECF No. 156.  Additionally, although

the Missouri Attorney General's Office ("Missouri AG") had represented all Defendants throughout the litigation, on the second to last day of trial, the Court permitted the Missouri AG to withdraw from representing Defendant Smith.  Smith had refused to appear at trial and had repeatedly failed to respond to counsel's inquiries, the Court's Orders, and the Court's rules over the course of the proceeding.  For these reasons, along with permitting the Missouri AG to withdraw from representing Smith, the Clerk of Court entered Smith's default under Federal Rule of Civil Procedure 55(a).  Following the trial, the Court also granted Plaintiff's motion for default judgment against Smith. *See* ECF Nos. 158, 159, 181 & 198.

The trial concluded on October 17, 2025, and the jury found in favor of Plaintiff on one or both of his claims as to ten of the thirteen Defendants that participated at trial. Specifically, the jury found in favor of Plaintiff and against Defendants Clark, Clubbs, Hansens, Wilson, Womack, Harmon, Hanebrink, Houtz, Short, and Raines, jointly and severally, in the amount of $380,000 in actual damages.[1]  The jury also awarded punitive damages in the amounts of $5,000 apiece against Clark, Clubbs, Wilson, Harmon, Hanebrink, Houtz, Short, and Raines, and in the amounts of $15,000 apiece against Hansens and Womack (totaling $70,000 in punitive damages).  However, the jury found in favor of Defendants Lemons, Walls, and Durrow on Plaintiff's claims.  The Court entered judgment on the jury verdict on October 20, 2025, with damages totaling $450,000.  *See* ECF No. 175.

---

[1]    As noted above, following the trial, the Court also entered default judgment against Smith, finding him jointly and severally liable, together with these ten Defendants, for the $380,000 in actual damages found by the jury.  ECF No. 198.

Appointed Counsel now seeks attorneys' fees pursuant to 42 U.S.C. § 1988(b), as limited by the PLRA, 42 U.S.C. § 1997e(d), as well as costs pursuant to Rule 54. Appointed Counsel has provided evidence of attorneys' fees in the amount of $286,580.50, representing approximately 714 hours of work by two attorneys and paralegals at rates ranging from $255 to $600 per hour.  However, recognizing the limits on attorneys' fees imposed by the PLRA, including limits on the permissible hourly rate recoverable, and also excluding hours worked by paralegals and hours spent on the fee motion itself for which Appointed Counsel does not seek recovery, Appointed Counsel has reduced the request to $179,544.90 in attorneys' fees.  Appointed Counsel also seeks $15,040.39 in costs.  These requests are supported by Appointed Counsel's affidavit, billing records, and receipts attached to counsel's motion.

Appointed Counsel acknowledges that, under the PLRA, a portion of the judgment (not to exceed 25 percent), in this case $112,500, must be applied to cover attorneys' fees.[2]  42 U.S.C. § 1997e(d)(2).  Therefore, Appointed Counsel requests that $112,500 of

---

[2]    Throughout their briefs, the parties do not distinguish between attorneys' fees; out-of-pocket expenses that are normally included as part of an attorney fee request, *e.g.*, *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294 (8th Cir. 1996); and costs taxable under statutes such as 28 U.S.C. § 1920.  For example, the parties appear to have assumed that taxable costs under § 1920 are also subject to the PLRA's limitations because the parties have grouped such costs with the attorneys' fees and expenses before proposing what portion must be allocated to come from the judgment and what portion must be paid by Defendants under the PLRA.  Although it is not clear to the Court that such costs are subject to the PLRA's limitations, the Court need not decide that question.  Given the Court's conclusion that recoverable attorneys' fees alone exceed 25% of the judgment, the PLRA's allocation provision would be triggered before costs are even considered.  In other words, the total amount owed by Defendants under this Court's analysis would be the same regardless of whether taxable costs are subject to the PLRA's limitations.

the fee request be awarded from the judgment, and that the Court assess the excess of the fees, expenses, and costs, totaling $82,085.29, against Defendants. [3]

All remaining Defendants except Smith, who as noted above is in default, have opposed Appointed Counsel's motion.  Defendants do not dispute that Plaintiff is the prevailing party in this case; that attorneys' fees and expenses are permitted under 42 U.S.C. § 1988(b) and the PLRA; that the hourly rates, number of attorneys employed, and hours expended were in general reasonable, non-duplicative, and not excessive; or that the costs requested are recoverable under Rule 54 and § 1920 or other governing statutory authority.

Rather, Defendants only assert four objections to Appointed Counsel's motion. First, Defendants argue that Appointed Counsel should not be permitted to recover for certain fees that Defendants argue were not "directly and reasonably incurred in proving an actual violation" of Plaintiff's rights, as required under the PLRA. 42 U.S.C. § 1997e(d)(1)(A).  Defendants point to the following examples of such fees: fees incurred for mediation or settlement efforts in this case; for attending and defending Plaintiff's deposition by Defendants; for post-trial work not involved in enforcing the judgment; for drafting of interrogatory designations that were not used at trial; for briefing on

---

[3]     The Court notes that Plaintiff submitted a letter, pro se, opposing Appointed Counsel's fee request.  ECF No. 179.  Because that letter discussed Plaintiff's communications with his attorneys, the Court filed it ex parte and under seal, forwarded a copy to Appointed Counsel and directed Appointed Counsel to respond ex parte and under seal.  ECF No. 180.  Upon review of Appointed Counsel's response, which Plaintiff has not disputed, it appears that Plaintiff's opposition was based on a misunderstanding of the applicable law, and that while Plaintiff may disagree with the provisions of the PLRA, he no longer opposes Appointed Counsel's motion.

"collateral" evidentiary issues such as whether Plaintiff was entitled to an adverse inference instruction for missing security video footage or whether Plaintiff was able to recover for medical expenses; and for litigating against those Defendants who were ultimately dismissed (Bolin and Meredith), who received full defense verdicts (Lemons, Walls, and Durrow), or who are no longer represented by the Missouri AG (Smith). *See* ECF No. 191.

Second, Defendants argue that Appointed Counsel may only recover fees and costs related to claims on which Plaintiff succeeded, and that fees and costs for claims against dismissed Defendants or those who received defense verdicts should be excluded.

Third, Defendants contend that the Missouri AG and its legal expense fund should not be charged with fees and expenses incurred by Appointed Counsel in litigating Plaintiff's claims against Smith because the office ultimately withdrew from representing Smith.

Finally, Defendants argue that attorneys' fees be reduced to an amount commensurate with Plaintiff's success. Defendants assert that because Plaintiff only proved a violation against ten of the original sixteen Defendants,[4] the remaining fee award—after deducting fees related to Defendants' first three objections—should be further reduced by a corresponding percentage of 37.5%. Defendants assert that, after deducting all amounts based on their four objections, the total award for attorneys' fees expenses, and costs would be only approximately $110,699, which is less than 25% of

---

[4]     This assertion is incorrect, as Plaintiff proved his claims against not only the ten defendants who lost to Plaintiff at trial, but also against Smith, who defaulted. Thus, Plaintiff proved a violation against eleven of the sixteen original defendants.

6

the judgment in this case, and Defendants therefore would not be liable for any portion of the fees, expenses, or costs under the PLRA.

## DISCUSSION

Under 42 U.S.C. § 1988(b), courts may award "a reasonable attorney's fee as part of the costs" to a "prevailing party" other than the United States in cases brought under § 1983.  42 U.S.C. § 1988(b).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," making a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary."  *Id.*

However, in suits by prisoners, the PLRA imposes additional limitations on attorney fee awards under § 1988.  42 U.S.C. § 1997e(d).  As relevant here, the PLRA provides that such fees "shall not be awarded except to the extent that":

> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (B)
>
>> (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>>
>> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

*Id.* § 1997e(d)(1).

Further, as noted above, "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." [5] *Id.* § 1997e(d)(2).  Finally, "[n]o award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18 for payment of court-appointed counsel." *Id.* § 1997e(d)(3).

As noted above, Defendants do not dispute that Plaintiff is the prevailing party and that the above-noted provisions apply.  Nor do Defendants dispute the applicable hourly rate under the PLRA, which the parties agree would be $258 for hours worked in 2025, and $262.50 for hours worked in 2024 (150% of the rate under the Criminal Justice Act, 18 U.S.C. § 3006A, for those years).  *See* 18 U.S.C. § 3006A; *see also* United States District Court of the Eastern District of Missouri, Criminal Justice Act (CJA), Rates, *available at* https://www.moed.uscourts.gov/criminal-justice-act-cja.  And Defendants have not objected that the costs sought are taxable under Rule 54 and applicable statutory authority, or that litigation expenses such as travel expenses are recoverable.  *See, e.g.*, *Williams v. ConAgra Poultry Co.*, 113 F. App'x 725, 728 (8th Cir. 2004) (noting that "travel expenses for attorneys" and other "expenses that a law firm normally would bill to its client" are "properly characterized as part of an attorney's fees award"); *Sapa Najin v. Gunter*, 857 F.2d 463, 465 (8th Cir. 1988) ("Reasonable expenses of litigation incurred

---

[5]     There is no dispute that the attorneys' fees requested here are far less than 150% of the judgment.

by counsel on the prevailing side can be awarded as part of the fees due under Section 1988.").

Therefore, the Court considers these matters conceded and will only address Defendants' specific objections below.

(1) Fees Directly and Reasonably Incurred in Proving an Actual Violation

Defendants do not cite a single case or other legal authority for their proposition that fees incurred in matters such as a Court-ordered mediation and settlement efforts, discovery regarding closely related claims and parties, briefing on evidentiary issues for trial, or defending Plaintiff's deposition by Defendants, are fees not "directly and reasonably incurred in proving an actual violation" of Plaintiff's rights under the PLRA. The Court is intimately familiar with the proceedings in this case and concludes that each category of fees contested by Defendants was directly and reasonably incurred in proving an actual violation of Plaintiff's rights here.  *See, e.g.*, *Hensley*, 461 U.S. at 437 (emphasizing the district court's discretion in determining a fee award based on its "superior understanding of the litigation").

For example, the Court cannot fathom how Appointed Counsel could have proven a violation of Plaintiff's rights without preparing for, attending, and defending Plaintiff's deposition.  The Court agrees with Appointed Counsel that it borders on bad faith for defense counsel to suggest otherwise and to force Appointed Counsel to brief this issue, particularly where, as here, Appointed Counsel is not seeking fees for litigating the current fee motion.  *See* ECF No. 200 at 3; *see also Volk v. Gonzalez*, 262 F.3d 528, 536 (5th Cir. 2001); *Hernandez v. Kalinowski*, 146 F.3d 196, 201 (3d Cir. 1998) (both holding

9

that fees for litigating a fee motion are recoverable under the PLRA, which interpretation also deters frivolous litigation over fee awards). Equally unfounded is the suggestion that briefing of the key evidentiary issues in this case—regarding missing security footage and recovery for medical expenses—was not directly and reasonably related to proving the violation of Plaintiff's rights here.

Likewise, Appointed Counsel's work on discovery, Court-ordered mediation and settlement efforts, and post-trial matters are standard aspects of trial preparation that were inextricably intertwined with Appointed Counsel's task of proving the violation of rights in this case. Thus, the Court concludes—with no contrary legal authority cited or found—that the fees for these tasks are directly and reasonably related to proving the violation of Plaintiff's constitutional rights. *See, e.g. Skinner v. Uphoff*, 324 F. Supp. 2d 1278, 1284 (D. Wyo. 2004) (rejecting defendant's argument that hours associated with discovery requests or interrogatories not ultimately used at trial were not recoverable under the PLRA); *see also Hensley*, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation."). Even if the argument otherwise had merit, the Court would see no basis to deduct nearly $20,000 from the fee award on this ground, as Defendants request. To the contrary, the Court's careful review of the billing records reveals that Appointed Counsel was prudent in using law firm resources to develop Plaintiff's claims and, as discussed further below, obtained excellent results.

Defendants also propose to deduct fees and costs that they assert were only related to claims against the two Defendants who were ultimately dismissed from the case by stipulation (Bolin and Meredith) and the three Defendants who prevailed at trial

10

(Lemons, Walls, and Durrow).  As an initial matter, this is the same basis for Defendants'
second and fourth objections, and Defendants' proposed deductions in this respect appear
to be an attempt to, as Appointed Counsel terms it, "double-dip" (ECF No. 200 at 7).  But
in any event, for the reasons discussed below, the Court disagrees that a deduction (or
double or triple deduction) is warranted for claims on which Plaintiff did not prevail.

(2) Limiting Fees and Costs to Those Claims on Which Plaintiff Succeeded

Although a district court retains discretion to reduce a fee award in mixed-result
cases, such a decision turns on whether the unsuccessful claims "were distinct in all
respects from [the] successful claims."  *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir.
2001) (citing *Hensley*, 461 U.S. at 440).  "Claims are related, and hence deserving of
compensation, if they involve a common core of facts or are based on related legal
theories."  *Id.*  In such cases, "[m]uch of counsel's time will be devoted generally to the
litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim
basis," and district courts should instead "focus on the significance of the overall relief
obtained by the plaintiff in relation to the hours reasonably expended on the litigation."
*Hensley*, 461 U.S. at 435.  The same standard applies under the PLRA.  *See C.P.X. v.
Garcia*, No. 417CV00417SMRHCA, 2021 WL 302754, at *3 (S.D. Iowa Jan. 7, 2021)
(applying same standard to a PLRA attorney fee award), *aff'd*, No. 21-1206, 2021 WL
5917780 (8th Cir. Dec. 15, 2021).

Here, the Court is firmly convinced that no reduction is warranted based on the
results obtained.  The claims against all Defendants were closely intertwined, as the
incident giving rise to the lawsuit was a single assault by a large group of officers who

11

were alleged to have either participated personally in the use of force or failed to intervene with deliberate indifference.  And the Court agrees that, even if some officers were ultimately dismissed by stipulation or found not liable, discovery against all—even in their capacities as fact witnesses—was necessary in this case.  Further, the results achieved were extraordinary for a case of this type.  The Court thus declines to reduce the fee request based on Plaintiff's alleged limited success.

(3) Fees and Costs Related to Smith

Likewise, the Court rejects Defendants' arguments to exclude the fees and costs associated with Plaintiff's claims against Smith.  Regardless of whether the Missouri AG was ultimately permitted to withdraw from representing Smith at the eleventh hour, the work Appointed Counsel performed on discovery and trial preparation regarding Smith (both in his capacity as a named Defendant and as a fact witness) was closely intertwined with counsel's efforts in litigating all of the other claims.  There is no question whether the work related to Smith was directly and reasonably related to proving the violation of Plaintiff's rights here.  Whether Smith is covered by the Missouri AG's legal defense fund or is instead liable out of pocket, jointly and severally with the other Defendants, for the attorneys' fees is irrelevant to the Court's analysis of whether the fees requested are recoverable.

(4) Reduction Based on Limited Success

Finally, the Court rejects Defendants' duplicative request for an across-the-board reduction of an additional 37.5% based on Plaintiff's limited success.  As discussed thoroughly above, no reduction based on mixed results or limited success is warranted in

12

this case. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," and "[i]n these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Id.*

Both the quality of representation and the results obtained here were exceptional in every respect, particularly given the difficult nature of the case, the number of participants, and the backgrounds of the parties involved. The Court concludes that the fees, expenses, and costs sought by Appointed Counsel were directly and reasonably incurred in proving an actual violation of Plaintiff's rights, and they are sufficiently proportional to the significant monetary relief Plaintiff obtained. Therefore, the Court will grant the full fee request, limiting and allocating the amounts as required by the PLRA and as requested by Appointed Counsel.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Kevin F. Hormuth and the law firm of UB Greensfelder LLP's motion to tax costs and attorneys' fees is **GRANTED**, and the Court awards counsel $179,544.90 in attorneys' fees and $15,040.39 in costs. ECF No. 176.

**IT IS FURTHER ORDERED** that 25% of the $450,000 judgment obtained by Plaintiff ($112,500) shall be applied toward the $179,544.90 fee award. Accordingly, Defendants are responsible for the remaining $67,044.90 in attorneys' fees and

$15,040.39 in costs, totaling $82,085.29, which shall be taxed and included in the judgment.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2025.